**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Chester BROWN, Defendant-Appellant.**

**No. 17633.**

United States Court of Appeals,
Seventh Circuit.

Jan. 4, 1971.

Rehearing Denied Jan. 21, 1971.

Howard T. Savage, Chicago, Ill., for defendant-appellant.

William J. Bauer, U. S. Atty., William P. Cagney, Asst. U. S. Atty., Chicago, Ill., for plaintiff-appellee; John Peter Lulinski, Asst. U. S. Atty., of counsel.

Before HASTINGS, Senior Circuit Judge, and KILEY and FAIRCHILD, Circuit Judges.

HASTINGS, Senior Circuit Judge.

Defendant Chester Brown, together with co-defendant Willie Morgan, was

charged in a one count indictment with a violation of Title 21, U.S.C.A. § 174. It was alleged therein that on or about March 21, 1968, at Chicago, Illinois, "defendants, fraudulently and knowingly did receive, conceal, buy, sell and facilitate the transportation, concealment and sale of approximately 20.980 grams of heroin, a narcotic drug, * * *."

Brown joined in Morgan's pretrial motion to suppress evidence on the ground that the federal narcotics agents lacked probable cause to arrest defendants and to search their automobile without a warrant. After a hearing on the motion to suppress, the trial court denied the motion, holding that the facts and information possessed by the agents amply provided probable cause for the arrest of defendants on March 21, 1968.

Subsequently, a severance was granted and Brown alone was tried by a jury which returned a verdict of guilty. Judgment was entered thereon and Brown was sentenced to imprisonment for a period of ten years. Defendant appeals. We affirm.

At all relevant times Brown was personally present in court and was represented by privately employed counsel.

Two issues remain for consideration on this appeal, viz: (1) whether probable cause existed for the agents to make a warrantless arrest; and (2) whether the evidence at trial was sufficient to support the jury verdict of guilt.[1]

From our consideration of the record of the hearing on the motion to suppress, the district court could have found the following narrative to have been clearly established. Agent Hill had been employed in the Bureau of Narcotics in Chicago for almost six years and had acquired professional expertise in the investigation and apprehension of narcotic violators. He had five contacts with an unnamed informer prior to defendant's arrest on March 21, 1968. No question is raised on this appeal concerning the disclosure of such informer.

Agent Hill testified that on October 17, 1967 he met with the informer, whom he had known for at least one year prior thereto but had never before used as an informer. At this first meeting, the informer told Agent Hill he knew a Willie Morgan who was obtaining heroin from an "old man." The informer said he had obtained heroin from Willie Morgan in the past; that Morgan lived in a hotel near Lake Park and 47th Street in Chicago and drove a 1967 blue Buick Riviera.

About one month later, Agent Hill met with this informer a second time and had a conversation with him at the Federal Bureau of Narcotics. At this time the informer stated that the "old man" previously reported as supplying Willie Morgan with heroin was now known to him as Chester Brown. He stated he had learned Brown's identity from Willie Morgan. Agent Hill then showed a photograph to the informer which the informer identified as Chester Brown.

Agent Hill testified that after this second meeting with the informer he learned from the Federal Bureau of Narcotics files that Chester Brown had been known to his office as a trafficker in narcotics since 1949; that Brown had been convicted in federal court twice for narcotics violations. Agent Hill further testified that Willie Morgan had been known to his office as a drug addict since 1958 and as having been convicted in a state court in 1962 for possession of narcotics.

Agent Hill testified he had a third meeting with his informer in the latter part of February 1968. They were to-

---

[1]. At oral argument defendant waived his claim that the statutory presumption contained in 21 U.S.C.A. § 174 is unconstitutional, in light of Turner v. United States, 396 U.S. 398, 90 S.Ct. 642, 24 L.Ed.2d 610 (1970) and United States v. Johnson, 7 Cir., 427 F.2d 32, 35 (1970).

gether in a government car at 47th and Lake Park, where the informer pointed out a male person driving a blue Buick Riviera as being the Willie Morgan he had previously mentioned to Hill. Agent Hill testified that the person in the Buick Riviera was the same one he and others later arrested with Chester Brown on March 21, 1968. He further stated that he recorded the license number on the car Willie Morgan was driving and later determined the car was registered to a Willie Morgan.

Agent Hill testified he had a fourth meeting with this informer in early March, 1968, at which time the informer told him that Willie Morgan was presently residing in Room 315 at the Riviera Hotel, 49th and Blackstone.

Agent Hill testified he had a fifth conversation with this informer by telephone on March 20, 1968. He received this call at his office from the informer and was told that Willie Morgan was going to obtain *heroin* from Chester Brown.

Following receipt of this call, Agent Hill went to the Riviera Hotel and then to the vicinity of the 600 block of East 47th Street, where he observed defendant Chester Brown enter a blue Chevrolet which he subsequently determined was registered to one Chester Brown. He saw defendant drive to 4534 S. Indiana, park his car, enter an apartment building and then come out about five minutes later. He testified he then saw defendant drive his Chevrolet to the Riviera Hotel and meet Willie Morgan at the entrance to the hotel. At that time defendant appeared to hand Willie Morgan an object small enough to be contained in defendant's hand. Following a brief conversation, Willie Morgan returned to the Riviera Hotel and defendant Brown left in his car.

Finally, Agent Hill testified that on the following day, March 21, 1968, this informer called him at his office and reported that Willie Morgan was going to obtain *more heroin* from defendant that

day. As a result of this call Agent Hill and two other federal narcotics agents proceeded in separate cars to the Riviera Hotel. At about 3:30 p. m. that day the agents observed Willie Morgan leave the hotel, enter a car bearing dealer license plates and drive to 47th and Langley. There they observed defendant Chester Brown enter the passenger side of the Willie Morgan car. From there the agents observed Morgan drive to the 4500 block of South Indiana where he parked his car. Defendant was again observed to enter an apartment building at 4534 S. Indiana and to return about five minutes later. In the meantime Morgan had gone into a restaurant and soon returned to his car where he was joined by defendant. Willie Morgan then drove away with defendant. Morgan and defendant were observed turning around in their seats apparently to see if they were being followed.

At this time the agents attempted to arrest both suspects but were unsuccessful because Morgan's car had not been completely blocked off. A high speed chase followed during which defendant Chester Brown was observed by Agents Hill and Cloud to throw a packet out of his car window. The packet was recovered and found to contain heroin hydrochloride, a narcotic drug. It was this packet of heroin that defendant Chester Brown was convicted of possessing, from which conviction he now appeals.

In addition to the foregoing testimony, as above stated, Agent Hill testified he had known this informer for at least one year prior to October 17, 1967 and had utilized his services as an informer only since October, 1967. He further testified this informer had been convicted of a federal narcotics violation in October, 1967; that from October, 1967 until March 21, 1968 he had furnished Agent Hill with narcotics information between 20 and 30 times and on each occasion such information had been determined to be true and accurate. This information had led to four arrests prior

to March 21, 1968 and two federal convictions.

We have burdened this opinion with the foregoing lengthy recital of the evidence in the preliminary hearing on the motion to suppress [2] for the rather obvious reason that it has led to our "firm conviction that the totality of the information possessed by the agents under the circumstances of this case was sufficient to establish probable cause." United States v. Johnson, 7 Cir., 427 F. 2d 32, 35 (1970). Little more need be said.

The evidence in this case meets the standards found sufficient in Draper v. United States, 358 U.S. 307, 79 S.Ct. 329, 3 L.Ed.2d 327 (1959), and rises above the shortcomings found deficient in Aguilar v. Texas, 378 U.S. 108, 84 S. Ct. 1509, 12 L.Ed.2d 723 (1964) and Spinelli v. United States, 393 U.S. 410, 89 S.Ct. 584, 21 L.Ed.2d 637 (1969). See McCray v. Illinois, 386 U.S. 300, 87 S.Ct. 1056, 18 L.Ed.2d 62 (1967) and United States v. Comissiong, 2 Cir., 429 F.2d 834 (1970).

The record discloses that at the conclusion of the Government's case in chief the defendant rested his case without the introduction of any evidence.

We have considered defendant's remaining contention that the evidence introduced by the Government was insufficient to establish defendant's guilt beyond a reasonable doubt. Our examination of the record compels the conclusion that this claim of error is completely without merit. Without indulging in a needless repetition of the standards of review following a jury verdict finding defendant guilty, we readily conclude that on this record the jury was free to reach its finding beyond any reasonable doubt.

The judgment of conviction is affirmed.

Affirmed.

---

**2.** We have generally followed and accepted the excellent summary of this evidence detailed in the Government's brief, which we find to be supported.